UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PAMELA KNOPMAN, Individually, and on
Behalf of All Others Similarly Situated,

                                      **Plaintiff,**

      -against-

TARGET CORPORATION, WAL-MART STORES
EAST, LP, and WALMART, INC.,

                                      **Defendants.**

_____

## CLASS ACTION COMPLAINT

Plaintiff, PAMELA KNOPMAN, individually and behalf of all others similarly situated (collectively, the "Class"), based on her personal knowledge, investigation of counsel, and upon information and belief as to all other matters, brings this class action against defendants TARGET CORPORATION ["TARGET"], WAL-MART STORES EAST, LP ["WAL-MART EAST"] and WALMART, INC., and alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges claims against Defendants for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq. ["FDUTPA"], unjust enrichment and negligence.

2. Section 212.08(7)(f), Florida Statutes provides that sales of the flag of the United States and the official state flag of Florida are exempt from sales tax.

3. Plaintiff alleges that Defendants have violated FDUTPA, by systematically and intentionally engaging in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce by unlawfully charging

their Florida customers a sales tax on American flags, despite the tax-exempt status of such item under state law.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C §1332(d): the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000; this case is a class action in which at least some members of the proposed class have a different citizenship from Defendants; and there are more than 100 putative class members.

5. The Southern District of Florida has personal jurisdiction over Defendants named in this action because Defendants conduct substantial business in this District.

6. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b) because Plaintiff purchased products from Defendants in this District, and a substantial part of the acts and omissions giving rise to her claims occurred here.

## THE PARTIES

7. Plaintiff, PAMELA KNOPMAN resides in Boca Raton, Florida and is a citizen of Florida.

8. Defendant, TARGET, is a Minnesota corporation with its corporate headquarters and principal place of business located in Minneapolis, Minnesota.

9. Defendant, WALMART, INC., is a Delaware Corporation, with its corporate headquarters and principal place of business located in Bentonville, Arkansas.

10. Defendant, WAL-MART EAST, is a Delaware Corporation, with its corporate headquarters and principal place of business located in Bentonville, Arkansas.

## ALLEGATIONS OF FACT

11. TARGET is a general merchandise retailer. In 2023, TARGET owned and operated more than 125 stores in Florida.

12. WALMART, INC. is an omni-channel retailer. In 2023, WALMART, INC. owned and operated more than 340 stores in Florida.

13. WAL-MART EAST is an omni-channel retailer. In 2023, WAL-MART EAST owned and operated more than 340 stores in Florida.

14. Pursuant to the exemption mandated by Florida Sales Tax Rules Section 12A-1.001[4] retailers operating in Florida cannot collect sales tax on the sale of the United States flag. The sale of a kit as a unit which includes the flag of the United States and related accessories, such as a mounting bracket, a standard, a halyard, and instructions on the display are also nontaxable.

15. Defendants, as licensed retailers, knew or should have known that the sale in Florida, of the United States flag, is nontaxable and exempt from sales tax.

16. On or about July 15, 2023, Plaintiff made an online purchase from WALMART, INC. and/or WAL-MART EAST, of a USA America Stars & Stripes Flag, Order # 2000111-09840981.

17. WALMART, INC. and/or WAL-MART EAST charged Plaintiff an unlawful sales tax of $1.12 on the purchase price of $8.99.

18. On or about July 17, 2023, Plaintiff made an online purchase from TARGET, of a Ju vale American Flag Car Mount, Patriotic US Flag with Metal Stand & Suction Cup for Vehicle, Invoice No. 31983991071860056.

19. TARGET charged Plaintiff an unlawful sales tax of $0.89 on the purchase price of $12.70.

20. WALMART, INC. and/or WAL-MART EAST engaged in misappropriation/conversion and was unjustly enriched by charging sales tax on the flag transaction with Plaintiff.

21. WALMART, INC. and/or WAL-MART EAST willfully and knowingly overcharged a false and unlawful sales tax on the flag transaction with Plaintiff.

22. TARGET willfully and knowingly overcharged a false and unlawful sales tax on the flag transaction with Plaintiff.

23. TARGET engaged in misappropriation/conversion and was unjustly enriched by charging sales tax on the flag transaction with Plaintiff.

24. WALMART, INC. and/or WAL-MART EAST's unlawful practice has harmed Plaintiff and putative Class members in precisely the same way. Indeed, on a standard and uniform basis, WALMART, INC. and/or WAL-MART EAST illegally charges purchasers a sales tax on the online sale of a United States flag, even though this flag is sales tax exempt under the law.

25. TARGET'S unlawful practice has harmed Plaintiff and putative Class members in precisely the same way. Indeed, on a standard and uniform basis, TARGET illegally charges purchasers a sales tax on the online sale of a United States flag, even though this flag is sales tax exempt under the law.

26. In Florida, WALMART, INC. and/or WAL-MART EAST has collected millions of dollars in such illegal sales tax charges on the sale of a United States flag.

27. In Florida, TARGET has collected millions of dollars in such illegal sales tax charges on the sale of a United States flag.

28. Upon information and belief, WALMART, INC. and/or WAL-MART EAST has not remitted the unlawfully collected flag "sales tax" to Florida state authorities, recouping these overcharges in an effort to maximize profits at their customers' expense and under the guise of a state-imposed tax.

29. Upon information and belief, TARGET has not remitted the unlawfully collected flag "sales tax" to Florida state authorities, recouping these overcharges in an effort to maximize profits at their customers' expense and under the guise of a state-imposed tax.

30. WALMART, INC. and/or WAL-MART EAST has not reimbursed Plaintiff or putative Class members for the unlawful sales taxes it collected on the online sale of United States flags.

31. TARGET has not reimbursed Plaintiff or putative Class members for the unlawful sales taxes it collected on the online sale of United States flags.

## CLASS ALLEGATIONS

32. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

33. Plaintiff brings this action on behalf of all other similarly situated putative Class members, who were and/or are affected by the actions, policies, and business practices of TARGET, WALMART EAST and WALMART, INC., as described herein.

34. In addition, and in the alternative, Plaintiff brings this action in her individual personal capacity, separate and apart from the Class claims set forth herein.

35. Plaintiff proposes the following Class definitions:

[a] Any person who made an online purchase of a United States flag from a TARGET store located in Florida and arranged for delivery of the flag in Florida, on or after a date four [4] years prior to the commencement and filing of this litigation, who was charged an amount or fee represented to be sales tax.

[b] Any person who made an online purchase of a United States flag from a WALMART, INC. store located in Florida and arranged for delivery of the flag in Florida, on or after a date four [4] years prior to the commencement and filing of this litigation, who was charged an amount or fee represented to be sales tax.

[c] Any person who made an online purchase of a United States flag from a WALMART EAST store located in Florida and arranged for delivery of the flag in Florida, on or after a date four [4] years prior to the commencement and filing of this litigation, who was charged an amount or fee represented to be sales tax.

36. Plaintiff reserves the right to modify the Class definitions as she obtains further information through discovery.

37. Excluded from the Class are TARGET's, WAL-MART EAST's and WALMART, INC.'s officers, directors, and employees; any entity in which Defendants has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of TARGET, WAL-MART EAST and WALMART, INC. Excluded also from the Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

38. Plaintiff is a member of the classes she seeks to represent.

39. This action has been brought and may properly be maintained as a class action against Defendants pursuant to FRCP Rule 23, because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

40. Numerosity. The proposed Class consists of at least tens of thousands of individuals, making joinder of each individual class member impracticable. While the exact number and identities of class members are unknown at this time, such information is in the possession of each of the Defendants and can be ascertained through appropriate discovery.

41. Commonality. Common questions of law and fact exist for the proposed class claims and predominate over questions affecting only individual class members. There are predominant questions of fact and law common to the Classes. These include, without limitation, the following:

    a. Did Defendants wrongfully charge sales tax on American flags sold to Plaintiff and putative members of the Class?

    b. Did Plaintiff and putative members of the Class overpay Defendants for American flags as a result of the conduct alleged herein?

    c. Did Defendants' conduct violate Florida state laws?

    d. Did Defendants remit the collected sales tax overcharge to the appropriate Florida state taxing authority?

    e. Did Defendants act knowingly and/or willfully?

  f. Does Defendants' conduct violate Florida consumer protection statutes, as alleged herein?

  g. Are Class members entitled to damages, restitution, equitable relief, statutory damages, exemplary damages, and/or other relief?

  h. Are Class Members entitled to reasonable attorney's fees and expenses?

42. Predominance. The common questions predominate over any individual issues in the action. Thousands of consumers are impacted by Defendants' unlawful tax charge and their claims arise from a common factual predicate, which is Defendants' improper charge attributable to sales tax that is not owed under state law and the Class members' resulting overpayment. On information and belief, Defendants have charged the so-called tax on a class wide basis.

43. Typicality. Plaintiff's claims are typical of the Classes because Plaintiff and other Class members' losses stem from Defendants' unlawful tax charge and failure to remit to the state the collected tax payment, and their claims arise from the same practices and course of conduct.

44. Superiority. A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants have acted on grounds applicable to the Classes. Individualized litigation would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and substantially impair or impede the ability of Class members to protect their interests given that individual claims may be too expensive to litigate.

45. Adequacy. Plaintiff is an adequate representative of the Classes because she is a member of the Classes and their interests do not conflict. Further, Plaintiff has retained competent counsel, who have extensive experience prosecuting complex class litigation including breach-of-contract and consumer protection class claims. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Classes and have the resources to do so, and therefore will fairly and adequately protect the interests of the Classes.

**FIRST CLAIM FOR RELIEF**
**(Fla. Deceptive and Unfair Trade Practices Act ["FDUTPA"])**

46. Paragraphs "1" through "45" above are incorporated by reference as if fully alleged herein.

47. FDUTPA makes unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Id. § 501.204(1).

48. The terms "trade or commerce" are broadly defined in the statute and whether particular conduct constitutes an unfair or deceptive trade practice is a question of fact.

49. Defendants engaged in deceptive acts or unfair practices by unlawfully charging and collecting from customers in Florida, including Plaintiff, a false sales tax on purchase of American Flags, when no sales tax was owed on this item under Florida law.

50. TARGET failed to disclose to Plaintiff and putative Class Members that sales tax is not owed for purchase of an American flag under Florida law.

51. WALMART, INC. failed to disclose to Plaintiff and putative Class Members that sales tax is not owed for purchase of an American flag under Florida law.

52. WAL-MART EAST failed to disclose to Plaintiff and putative Class Members that sales tax is not owed for purchase of an American flag under Florida law.

53. TARGET engaged in deceptive acts or unfair practices by preparing and presenting invoices, e-mails, credit card charge statements, and website statements that mislead consumers, including Plaintiff, into believing that specific, lawful sales tax is owed for purchase of an American flag under Florida law.

54. WALMART, INC. and/or WAL-MART EAST engaged in deceptive acts or unfair practices by preparing and presenting invoices, e-mails, credit card charge statements, and website

statements that mislead consumers, including Plaintiff, into believing that specific, lawful sales tax is owed for purchase of an American flag under Florida law.

55. In reliance on TARGET'S uniform misrepresentations and omissions, Plaintiff and putative Class members purchased an American flag from TARGET.

56. In reliance on WALMART, INC. and/or WAL-MART EAST's uniform misrepresentations and omissions, Plaintiff and putative Class members purchased an American flag from WALMART, INC. and/or WAL-MART EAST.

57. As a result of Defendants' respective deceitful and unfair business practices, large sums of money have been wrongfully confiscated from Floridians and Defendants' continued unlawful conduct causes Floridians to pay over large amounts of sales tax that is not owed and which should never have been charged.

58. A sales tax on an American flag was neither owed under Florida law nor remitted by TARGET to Florida taxing authorities, despite its collection by TARGET.

59. A sales tax on an American flag was neither owed under Florida law nor remitted by WALMART, INC. to Florida taxing authorities, despite its collection by WALMART, INC.

60. A sales tax on an American flag was neither owed under Florida law nor remitted by WAL-MART EAST to Florida taxing authorities, despite its collection by WAL-MART EAST.

61. TARGET recouped the subject illegal sales tax payment for its own financial benefit and has and will continue to be unjustly enriched by such practice.

62. WALMART, INC. recouped the subject illegal sales tax payment for its own financial benefit and has and will continue to be unjustly enriched by such practice.

63. WAL-MART EAST recouped the subject illegal sales tax payment for its own financial benefit and has and will continue to be unjustly enriched by such practice.

64. TARGET's described deceitful and unfair business practices has harmed Plaintiff and putative Class members, who have all suffered an ascertainable loss when TARGET wrongfully overcharged them for an unlawful sales tax not mandated under Florida law, statute and/or regulation.

65. WALMART, INC.'s described deceitful and unfair business practices has harmed Plaintiff and putative Class members, who have all suffered an ascertainable loss when TARGET wrongfully overcharged them for an unlawful sales tax not mandated under Florida law, statute and/or regulation.

66. WAL-MART EAST's described deceitful and unfair business practices has harmed Plaintiff and putative Class members, who have all suffered an ascertainable loss when TARGET wrongfully overcharged them for an unlawful sales tax not mandated under Florida law, statute and/or regulation.

67. TARGET knowingly and intentionally misrepresented the lawfulness of its billing and sales taxation practices to Florida state and local tax authorities.

68. WALMART, INC. knowingly and intentionally misrepresented the lawfulness of its billing and sales taxation practices to Florida state and local tax authorities.

69. WAL-MART EAST knowingly and intentionally misrepresented the lawfulness of its billing and sales taxation practices to Florida state and local tax authorities.

70. Upon information and belief, TARGET has not refunded Plaintiff or any putative Florida Class member for the wrongfully collected sales tax overcharge.

71. Upon information and belief, WALMART, INC. has not refunded Plaintiff or any putative Florida Class member for the wrongfully collected sales tax overcharge.

72. Upon information and belief, WAL-MART EAST has not refunded Plaintiff or any putative Florida Class member for the wrongfully collected sales tax overcharge.

73. TARGET's unlawful conduct and unfair business practices alleged herein were knowingly and willfully made with the intent to deceive or otherwise mislead Florida consumers.

74. WALMART, INC.'s unlawful conduct and unfair business practices alleged herein were knowingly and willfully made with the intent to deceive or otherwise mislead Florida consumers.

75. WAL-MART EAST's unlawful conduct and unfair business practices alleged herein were knowingly and willfully made with the intent to deceive or otherwise mislead Florida consumers.

76. As a proximate result of Defendant's respective unlawful conduct and unfair business practices as alleged herein, Plaintiff and putative Class Members have suffered individual damages with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty.

77. Defendants are each liable to Plaintiff and putative Class Members for actual damages sustained as a proximate result of Defendant's respective unlawful conduct and unfair business practices as alleged herein.

78. Defendants are each liable to Plaintiff and putative Class Member for punitive damages.

79. Defendants are each liable to Plaintiff and putative Class Member for the costs of this litigation, including reasonable attorney's fees.

80. Consumers have suffered and will continue to suffer substantial, ascertainable injury as a result of Defendants' described violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 et seq. ["FDUTPA"]. Absent the granting of injunctive relief against TARGET, WAL-MART EAST and WALMART, INC. by this court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

**SECOND CLAIM FOR RELIEF**
**(Unjust Enrichment)**

81. Paragraphs "1" through "80" above are incorporated by reference as if fully alleged herein.

82. Plaintiff and the putative Class Members conferred a benefit upon TARGET, WAL-MART EAST and WALMART, INC. in the form of paying each of them an unlawful sales tax not mandated under Florida law, statute and/or regulation.

83. TARGET, WAL-MART EAST and WALMART, INC. each had knowledge of such benefits conferred upon them by Plaintiff and putative Class Members.

84. TARGET, WAL-MART EAST and WALMART, INC. each voluntarily accepted and retained the benefits conferred upon them by Plaintiff and putative Class Members

85. Under the circumstances, it would be inequitable for TARGET, WAL-MART EAST and WALMART, INC. to retain the benefit conferred upon them by Plaintiff and putative Class Members.

86. TARGET, WAL-MART EAST and WALMART, INC. have been unjustly enriched and are required to refund Plaintiff and putative Class Members the benefits they conferred upon each Defendant.

## THIRD CLAIM FOR RELIEF
### (Negligence)

87. Paragraphs "1" through "86" above are incorporated by reference as if fully alleged herein.

88. TARGET, WAL-MART EAST and WALMART, INC. owed Plaintiff and putative Class Members a duty to exercise reasonable care and prudent efforts to determine, represent and charge the correct amount of sales tax on products it sells to the consumer public, including American flags.

89. TARGET, WAL-MART EAST and WALMART, INC. were negligent and breached their duty of reasonable care, as follows:

    a) As licensed retailers, knew or should have known that the sale in Florida, of the United States flag, is nontaxable and exempt from sales tax.

      b)      Failed to disclose to Plaintiff and putative Class Members that sales tax is not owed for purchase of an American flag under Florida law.

      c)      Prepared and presented invoices, e-mails, credit card charge statements, and website statements that mislead consumers, including Plaintiff, into believing that specific, lawful sales tax is owed for purchase of an American flag under Florida law.

      d)      Charged and collected sales tax on American flags sold in Florida, in violation of Florida law.

90. As a direct and proximate result of the negligence of TARGET, WAL-MART EAST and WALMART, INC., Plaintiff and all others similarly situated, sustained pecuniary loss by paying unlawful sales tax on the purchase in Florida, of a tax-exempt American flag.

91. As a proximate result of Defendant's respective unlawful conduct and unfair business practices as alleged herein, Plaintiff and putative Class Members have suffered individual damages with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty.

92. Defendants are each liable to Plaintiff and putative Class Members for actual damages sustained as a proximate result of Defendant's respective unlawful conduct and unfair business practices as alleged herein.

93. Defendants are each liable to Plaintiff and putative Class Member for punitive damages.

94. Defendants are each liable to Plaintiff and putative Class Member for the costs of this litigation, including reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and behalf of the proposed Class, prays for judgment granting the following relief:

      a)        For an Order certifying this action as a Class Action and appointing Plaintiff and her Legal Counsel to represent the Class.

      b)        Awarding actual damages, compensatory damages, statutory damages, and statutory penalties, in such amounts to be determined, as allowable by law.

      d)        Awarding punitive damages, as allowable by law.

      e)        Awarding the costs of the litigation, including attorneys' fees.

      f)        Pre- and post-judgment interest on any amounts awarded; and

      g)        Such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues in this action so triable of right.

Dated: October 16, 2023

            /s/ Jason Turchin, Esq.
            **Law Offices of Jason Turchin**
            **By: Jason Turchin, Esq (FB: 585300)**
            **2883 Executive Park Drive**
            **Suite 103**
            **Weston, FL 33331**
            **(888) 99-VICTIM / (954) 515-5000**
            **jason@victimaid.com**

                -and-

            **BLAU LAW GROUP, P.C.**
            **By: Steven Bennett Blau [*pro hac vice* pending]**
            **455 Central Park Avenue, Suite 216**
            **Scarsdale, NY 10583**
            **914.815.1269**
            **sblau@blaulawgroupny.com**

            *Attorneys for Plaintiff*

## DEMAND FOR PRESERVATION

PLEASE TAKE NOTICE that TARGET CORPORATION ["TARGET"], WAL-MART STORES EAST, LP ["WAL-MART EAST"] and WALMART, INC., are not to destroy, conceal or alter in any manner whatsoever any or all evidence, documents, information, paper or electronic data and/or other tangible items pertaining or relevant to property discoverable in the above referenced matter.

This notice applies to TARGET, WAL-MART EAST and WALMART, INC.'s on- and off-site computer systems and removable electronic media, plus all computer systems, services, and devices (including all remote access and wireless devices) used for your overall operation. This includes, but is not limited to, e-mail and other electronic communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases; calendars, system usage logs, contact manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data. Further, this notice applies to archives, backup and disaster recovery tapes, discs, drives, cartridges, voicemail and other data. All operating systems, software, applications, hardware, operating manuals, codes keys and other support information needed to fully search, use, and access the electronically stored information.

Electronically stored information (hereinafter "ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

· Digital communications (e.g., e-mail, voice mail, instant messaging);
· Word processed documents (e.g., Word or WordPerfect documents and drafts);
· Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
· Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
· Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
· Sound Recordings (e.g., .WAV and .MP3 files);
· Video and Animation (e.g., .AVI and .MOV files);
· Databases (e.g., Access, Oracle, SQL Server data, SAP);
· Contact and Relationship Management Data (e.g., Outlook, ACT!);
· Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);
· Online Access Data (e.g., Temporary Internet Files, History, Cookies);
· Presentations (e.g., PowerPoint, Corel Presentations)
· Network Access and Server Activity Logs;
· Project Management Application Data;
· Computer Aided Design/Drawing Files; and,
· Back Up and Archival Files (e.g., Zip, .GHO)

You are directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

· Purging the contents of e-mail repositories by age, capacity or other criteria;

- Using data or media wiping, disposal, erasure or encryption utilities or devices;
- Overwriting, erasing, destroying or discarding back up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server or IM logging; and,
- Executing drive or file defragmentation or compression programs.

In order to assure that your obligation to preserve documents and things will be met, please forward a copy of this letter to any and all persons and entities with custodial responsibilities for the items referred to herein. Notify all individuals and affiliated organizations of the need and duty to take the necessary affirmatives steps to comply with the duty to preserve evidence.